**Adam C. Anderson (Bar No. 024314)**

**Anderson Banta Clarkson, PLLC**

**48 North Macdonald**

**Mesa, AZ 85201**

**480-272-5983**

**aanderson@abclawgroup.com**

**Attorney for Plaintiff**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
### PHOENIX DIVISION

| | |
|---|---|
| **JEREMY BERGERON,** | |
| Plaintiff, | |
| v. | No. |
| **COMMERCIAL RECOVERY SYSTEMS, INC.,** | **COMPLAINT & TRIAL BY JURY DEMAND** |
| Defendant. | |

NOW COMES the plaintiff, JEREMY BERGERON, by and through his attorneys, Anderson Banta Clarkson, PLLC., and for his Complaint against the defendant, COMMERCIAL RECOVERY SYSTEMS, INC., the plaintiff states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq and the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. §227, et seq.

## II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Jurisdiction arises under the TCPA pursuant to pursuant to 28 U.S.C. §1331.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

5. JEREMY BERGERON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Avondale, County of Maricopa, State of Arizona.

6. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Providian Bank (hereinafter, "the Debt").

7. The debt that Plaintiff allegedly owed Providian Bank was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. COMMERCIAL RECOVERY SYSTEMS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is incorporated in the State of Illinois.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence

Complaint & Trial By Jury Demand - 2

via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

### COUNT I: VIOLATION OF THE FDCPA

15. On or about April 22, 2013, Plaintiff received a telephone call from Defendant in an attempt to collect the Debt.

16. The aforesaid telephone call between Plaintiff and Defendant was the initial communication with Plaintiff.

17. During the course of its telephone call with Plaintiff, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

18. During the aforementioned telephone call between Plaintiff and Defendant, Defendant told Plaintiff it was calling in regards to an outstanding credit card balance Plaintiff owed to Providian Bank.

19. During the aforementioned telephone call between Plaintiff and Defendant, Defendant asked Plaintiff how he planned to pay the Debt.

20. Plaintiff informed Defendant that he could not pay the Debt.

21. In response, Defendant stated that if Plaintiff refused to pay the Debt, Defendant would "process the documents for legal action."

22. Defendant's aforesaid representation that it would "process the documents for legal action" had the effect of conveying to an unsophisticated consumer that Defendant was going to file a lawsuit against Plaintiff for the Debt.

23. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the Debt.

24. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

25. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

26. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

27. During the aforementioned telephone call between Plaintiff and Defendant, in response to Defendant's threat to file a lawsuit against Plaintiff for the Debt, Plaintiff told Defendant that the Debt was very old and that the statute of limitations to file a lawsuit relative to the Debt had passed.

28. Defendant told Plaintiff that it could file a lawsuit against Plaintiff relative to the Debt even after the statute of limitations for the Debt had passed.

29. Defendant's aforesaid representation to Plaintiff that it could file a lawsuit against Plaintiff relative to the Debt even after the statute of limitations for the Debt had passed was false, deceptive, and misleading given that a lawsuit relative to a cause of action cannot be initiated once the statute of limitation for that cause of action has passed.

30. The statute of limitations for a breach of a written contract executed in Arizona is six (6) years and the statute of limitations for a breach of a written contract executed outside of Arizona is four (4) years, pursuant to A.R.S.§ 12-548.

31. Plaintiff entered into a written contract with Providian Bank relative to the Debt in 2004.

32. Plaintiff defaulted on the Debt in 2005 and has not made a payment towards the Debt since 2005.

33. Therefore, upon information and belief, on or about April 22, 2013, at the time of making the aforementioned threat to "process the documents for legal action",

Defendant could not legally file a lawsuit against Plaintiff because the statute of limitations to file a lawsuit relative to the Debt had passed.

34. Defendant's representation that it would "process the documents for legal action" misrepresented the character, amount, and/or legal status of the Debt given that the statute of limitations to file a lawsuit relative to the Debt had passed.

35. In its attempts to collect the debt allegedly owed by Plaintiff to Providian Bank, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   e. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11); and,

   f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

36. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JEREMY BERGERON, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II: VIOLATION OF THE TCPA

37. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

38. Defendant made and/or placed telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed.

39. Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed.

40. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff, JEREMY BERGERON, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

    c.    Statutory damages of $1500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C); and,

    d.    Any other relief deemed appropriate by this Honorable Court.

## V. JURY DEMAND

41. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

**By:** ___s/ Adam C. Anderson___

**Adam C. Anderson**

**Attorney for Plaintiff,**

**JEREMY BERGERON**

**September 11, 2013**

**Adam C. Anderson (Bar No. 024314)**

**Anderson Banta Clarkson, PLLC**

**48 North Macdonald**

**Mesa, AZ 85201**

**480-272-5983**

**aanderson@abclawgroup.com**

**Attorney for Plaintiff**